1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE LOPEZ, | No. 2:23-cv-1023 CKD P |
| Plaintiff, | |
| v. | ORDER |
| SOLANO COUNTY JUSTICE CENTER, et al., | |
| Defendants. | |

    Plaintiff is a Solano County Jail prisoner proceeding pro se with a civil action.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law. Plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

Plaintiff alleges she has suffered harm because she has been given the generic version of a medication she requires. First, plaintiff does not indicate how each defendant is involved so she has not adequately stated a claim for damages. In an amended complaint, plaintiff must allege in specific terms how each named defendant is involved in order to state a claim for damages. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Also, municipalities such as Solano County cannot be held vicariously liable for damages under § 1983 for the actions of their employees. Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694.

A prison official can be liable for denying medical care under the Eighth Amendment if the individual is deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Here, plaintiff assertion that she was provided the generic version of a drug does not amount to deliberate indifference.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

1 complaint be complete in itself without reference to any prior pleading.  This is because, as a

2 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

3 F.2d 55, 57 (9th Cir. 1967).

4     In accordance with the above, IT IS HEREBY ORDERED that:

5     1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

6     2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

7 shall be collected and paid in accordance with this court's order to the Solano County Sheriff

8 filed concurrently herewith.

9     3. Plaintiff's complaint is dismissed.

10     4. Plaintiff is granted thirty days from the date of service of this order to file an amended

11 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

12 Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

13 number assigned this case and must be labeled "Amended Complaint."  Failure to file an

14 amended complaint in accordance with this order will result in a recommendation that this action

15 be dismissed.

16 Dated: August 22, 2023

17     _____
    CAROLYN K. DELANEY

18     UNITED STATES MAGISTRATE JUDGE

21 1
lope1023.14

3